UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11498-RWZ

SPINAL IMAGING INC.,
and RADIOLOGY DIAGNOSTICS, LLC

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

MEMORANDUM OF DECISION

April 24, 2013

ZOBEL, D.J.

Plaintiffs Spinal Imaging Inc. ("Spinal Imaging") and Radiology Diagnostics, LLC ("RD") together allege that defendant State Farm Mutual Automobile Insurance Company ("State Farm") failed to fully compensate them for radiological services that they provided to 1,782 different patients insured by State Farm. State Farm now moves to dismiss the complaint for failure to state a claim or for forum non conveniens; in the alternative, it moves to sever plaintiffs' case into multiple actions.

**I. Background**

Spinal Imaging is a Massachusetts corporation that provided radiological services to patients insured by State Farm from 2004 through 2008. RD is also a Massachusetts corporation providing radiological services; it has provided services to patients insured by State Farm from 2008 to the present. Both Spinal Imaging and RD

were nonparticipating (also known as "out of network") providers, meaning that they did not directly contract with State Farm for reimbursement at a specific rate.

The complaint alleges that Spinal Imaging and RD obtained assignments from their State Farm-insured patients, authorizing them to seek payment directly from State Farm for services they provided to those patients. The complaint further alleges that State Farm "engaged in a pattern and practice of accepting said assignments as valid and paying Plaintiffs directly as non-participating providers." Docket # 10 (Compl.) ¶ 15. However, the complaint does not provide factual details about any of the alleged assignments, such as their terms or when and where they were executed.

State Farm paid both plaintiffs in full for some of the radiological services they rendered, but failed to pay (in whole or in part) for other such services. As to Spinal Imaging, State Farm apparently did not fully pay for services rendered to 372 different patients from 2004 to 2008. As to RD, State Farm apparently did not fully pay for services rendered to 1,410 different patients from 2008 to the present. In all, plaintiffs seek at least $100,214.54 in reimbursement for services provided to 1,782 different patients.

The complaint does not allege any identifying facts about the 1,782 different bills that plaintiffs assert. For instance, it does not name the patients served, the policy under which each patient was insured, the date on which each policy was issued, the date on which each patient was treated, or the amount due on each patient's bill. More importantly, the complaint does not explain how State Farm breached its insurance contract with respect to each patient; it only makes the general allegation that as to

each unpaid bill, State Farm "provided no reasons, or inaccurate reasons, or inconsistent reasons for the denial of benefits." Compl. ¶¶ 26-37.

Plaintiffs seek damages for breach of contract (Counts I and II) and violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A (Counts III and IV). State Farm moves to dismiss the complaint for failure to state a claim and for forum non conveniens; in the alternative, it moves to sever plaintiffs' 1,782 different unpaid bills into separate actions.[1]

## II. Failure to State a Claim

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court accepts as true all factual allegations contained in the complaint, but not legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must be dismissed if it fails to state a plausible claim, which requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, factual allegations that are "merely consistent with" liability do not suffice; instead, the facts alleged must "plausibly suggest[]" that the plaintiff is entitled to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

State Farm argues that the breach of contract claims are deficient because they fail to specifically identify the contracts at issue or how they were breached. Cf. Bosque v. Wells Fargo Bank, 762 F. Supp. 2d 342, 351 (D. Mass. 2011) (to assert a breach of contract claim, plaintiffs must allege that there was a contract and that defendant

---

[1] Plaintiffs argue that State Farm's motion should be denied for failure to comply with Local Rule 7.1. While troubled by the failure of both parties' counsel to communicate effectively, the court will not deny State Farm's motion on those grounds.

breached it). State Farm is correct. First, the complaint fails to provide the minimal information necessary to identify the 1,782 insurance policies that it alleges State Farm violated. As discussed above, the complaint does not even identify who the patients at issue were or what policies they were insured under.[2] Rule 8 does not require plaintiffs to plead specific facts with particularity; but the complaint must at least give State Farm basic notice of what contracts the plaintiffs believe State Farm breached. Cf. Twombly, 550 U.S. at 555 (complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (omission in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))). The present complaint fails that low standard.

Second, the complaint fails to plausibly allege how State Farm breached each contract. It makes only the general assertion that State Farm provided "no reasons, or inaccurate reasons, or inconsistent reasons for the denial of benefits" with respect to each policy. Compl. ¶¶ 26-37. That conclusory assertion is not enough to create a plausible claim, particularly in the absence of any specific factual allegations to support it. See Iqbal, 556 U.S. at 678. As it stands, the complaint does not give State Farm enough information to respond in a meaningful way to its allegations. With respect to any individual policy, State Farm has no way of knowing why plaintiffs believe its reasons for denying benefits were "inaccurate" or "inconsistent" (or nonexistent, for that matter). The allegations simply fail to give State Farm fair notice of the grounds for

---

[2] This failure is all the more surprising because plaintiffs apparently have that information readily available. Their opposition to the motion to dismiss attaches a printed spreadsheet listing each asserted medical bill by its account number, the patient's first and last name, the date on which services were rendered, the amount charged, the amount paid, the outstanding balance, the insurance policy number, and the insurer. Of course, plaintiffs cannot repair the complaint just by providing the missing information in their subsequent briefing.

plaintiffs' claims. Cf. Twombly, 550 U.S. at 555.

Plaintiffs raise several responses. First, they argue that State Farm had an implied contract with them based on its alleged practice of paying them directly for radiological services to patients insured by State Farm. But nothing in the complaint makes it plausible that State Farm had an implied contract to pay every bill plaintiffs submitted; rather, the complaint alleges that State Farm paid some bills in full, paid some in part, and rejected others. Those allegations are certainly "consistent with" liability, but they do not "plausibly suggest[]" it. Twombly, 550 U.S. at 557.[3]

Second, plaintiffs argue that Mass. Gen. Laws ch. 90, § 34M requires State Farm to pay the medical bills of patients it insured. That statute, however, is inapplicable for two reasons. First, the complaint does not allege that the insurance policies here were Massachusetts policies. Cf. Metro. Prop. & Cas. Ins. Co. v. Bos. Reg'l Physical Therapy, 538 F. Supp. 2d 338, 342 (D. Mass. 2008) (one element of a claim under the statute is "a Massachusetts automobile policy issued by the defendant insurer"). Second, the complaint does not allege that State Farm refused to pay the medical bills at issue "based solely on a medical review of the bill or of the medical services underlying the bill," as necessary to trigger the practitioner's review requirement that plaintiffs cite. Mass. Gen. Laws ch. 90, § 34M; cf. McGovern Physical Therapy Assocs. v. Metro. Prop. & Cas. Ins. Co., 802 F. Supp. 2d 306, 310-13 (D.

---

[3] At best, plaintiffs' implied contract argument might counter State Farm's alternative argument that plaintiffs have failed to allege valid assignments. Because the court has already determined plaintiffs' claims must be dismissed for failure to allege the contracts at issue or their breach, it need not also address the asserted failure to allege valid assignments.

Mass. 2011).[4]

Plaintiffs have therefore failed to state plausible breach of contract claims. As their chapter 93A claims alleging unfair business practices are based wholly on their breach of contract claims, their chapter 93A claims must fail as well. See FAMM Steel, Inc. v. Sovereign Bank, 571 F.3d 93, 107-08 (1st Cir. 2009). Moreover, even if plaintiffs' breach of contract claims were valid, they allege only the refusal to pay certain contested debts. No facts are alleged that would imply unfair or deceptive conduct. As such, the complaint does not state a chapter 93A claim. McGovern, 802 F. Supp. 2d at 316.[5]

Plaintiffs argue that they have stated a chapter 93A claim by stating a violation of Mass. Gen. Laws ch. 176D, which regulates insurance carriers. "[A] purported violation of chapter 176D is 'evidence of a violation of chapter 93A . . . .'" Bos. Reg'l, 538 F. Supp. 2d at 343 (quoting Peterborough Oil Co. v. Great Am. Ins. Co., 397 F. Supp. 2d 230, 244 (D. Mass. 2005)). Specifically, plaintiffs argue that their allegations show State Farm refused to pay their bills without conducting a reasonable investigation and refused to pay although liability was reasonably clear, in violation of sections 3(9)(d) and 3(9)(f) of chapter 176D. But the complaint does not state any facts showing that State Farm failed to conduct a reasonable investigation, or that liability was reasonably clear when State Farm refused to pay the bills at issue. The conclusory

---

[4] To the extent that plaintiffs argue State Farm was required to review the medical bills for "reasonableness," see McGovern, 802 F. Supp. 2d at 308, their argument still lacks merit because plaintiffs have not alleged any facts showing that State Farm failed to review the bills properly.

[5] Given these conclusions, the court need not reach State Farm's additional argument that the conduct at issue did not occur in Massachusetts.

allegations on these points are insufficient. So even assuming chapter 176D is applicable—which State Farm contests—plaintiffs have failed to plausibly allege that it was violated. They consequently cannot rest any chapter 93A claim on that ground.

For the reasons described above, the complaint must be dismissed in its entirety for failure to state a claim. Since the complaint's flaws could be solved by amendment, however, the court will briefly address defendant's arguments regarding forum non conveniens and severance in order to provide direction to the parties.

## III.  Forum Non Conveniens

"[T]he federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad," Am. Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994), "and perhaps in rare instances where a state or territorial court serves litigational convenience best," Sinochem Int'l. Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430 (2007). In all other cases, the appropriate disposition is transfer to a different federal court rather than dismissal. See Sinochem, 549 U.S. at 430; 28 U.S.C. § 1404(a).

Defendant has pointed out a range of problems with hearing this case in a Massachusetts forum, chief among them being that apparently none of the insurance policies being litigated were issued in Massachusetts. On the other hand, the plaintiffs' initial choice of forum deserves substantial deference, especially since it is their home forum. See Adelson v. Hananel, 510 F.3d 43, 53 (1st Cir. 2007). The decision is a close one and difficult to resolve on this limited record.

In the end, the court is convinced that this is not one of the rare cases where

litigational convenience requires hearing plaintiffs' claims in state court. Dismissal on forum non conveniens grounds therefore is not warranted. The present record also does not justify transferring this case to any other federal district, since there is no reason to suppose any other single court would be better suited to hear the case as it currently stands.

## IV. Severance

Defendant moved in the alternative to sever the case into multiple separate actions, one for each unpaid bill. Severance of that type is authorized by Federal Rule of Civil Procedure 21. See Fed. R. Civ. P. 21; see also Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003). In considering a motion to sever, the court may look to:

> (1) whether the claims arise out of the same transaction or occurrence;
>
> (2) whether the claims present some common questions of law or fact;
>
> (3) whether settlement of the claims or judicial economy would be facilitated;
>
> (4) whether prejudice would be avoided if severance were granted; and
>
> (5) whether different witnesses and documentary proof are required for the separate claims.

Preferred Med. Imaging v. Allstate Ins. Co., 303 F. Supp. 2d 476, 477 (S.D.N.Y. 2004). Here, plaintiffs have alleged that State Farm breached 1,782 separate insurance contracts by failing to reimburse for medical bills under separate policies; they have not alleged any facts showing that these separate breaches arose from the same transaction or occurrence. The first factor thus weighs heavily in favor of severance. In addition, it is not clear whether the relevant terms of the insurance policies at issue were identical, whether they were governed by identical state insurance laws, and

whether State Farm allegedly breached them in the same fashion (for instance, by giving the same "inaccurate" or "inconsistent" reason as to each policy). It therefore does not appear at present that the claims present any common questions of law or fact. Finally, judicial economy weighs against resolving all of these different questions in a single proceeding, since a single factfinder would be unable to process all of the information necessary to understand each of the 1,782 separate occurrences. On the present record, then, severance seems to be an attractive option—as many other courts have found in similar cases. See Preferred Med. Imaging, 303 F. Supp. 2d 476 (severing sixty insurance claims); see also Bos. Post Road Med. Imaging v. Allstate Ins. Co., Civil Action No. 03-3923(RCC), 2004 WL 1586429 (S.D.N.Y. 2004) (severing fifty-nine insurance claims); Deajess Med. Imaging v. Travelers Indem. Co., 222 F.R.D. 563 (S.D.N.Y. 2004) (severing thirty-three insurance claims).

Because the court is dismissing the complaint without prejudice, plaintiffs will have the opportunity to reconsider their litigation strategy. To avoid severance, plaintiffs may wish to voluntarily divide their claims into separate actions, with each action aggregating only claims with a common nucleus of relevant facts (e.g., the terms of the policy at issue, the manner in which it was allegedly breached, etc.). Plaintiffs will then also be able to consider what forum is appropriate for whatever actions they choose to assert.

**V.  Conclusion**

For the foregoing reasons, State Farm's motion to dismiss (Docket # 11) is ALLOWED. Judgment may be entered dismissing the complaint without prejudice.

Plaintiffs' motion to compel (Docket # 19) and State Farm's motion for leave to file a reply brief (Docket # 20) are DENIED AS MOOT.

|      April 24, 2013      |      /s/Rya W. Zobel      |
|:---:|:---:|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |